IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Action No. 00-CR-00481-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROD SCHULTZ,

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Defendant's Motion for New Trial Based on Newly Discovered Evidence filed October 21, 2005 and Defendant's Motion for Discovery filed June 8, 2006. For the reasons stated below, these motions are denied.

I.    <u>THE MOTION FOR NEW TRIAL</u>

Defendant Rod Schultz ["Schultz"] seeks a new trial based on the fact that the Government allegedly presented false information and evidence in the pretrial proceedings and at trial as to an April 5, 1996 video tape regarding inmate Castillo's forced-cell move. More specifically, Schultz claims that the Government indicated during these proceedings that the Defendants destroyed this tape. Schultz asserts that this evidence was false as evidenced by the declaration of Jennifer Grundy that indicates she was told the tape was destroyed in the ordinary course of business. Mot. for New Trial Based on Newly Discovered Evidence ["Mot. for New Trial"], Ex. 2, ¶ 7.

Schultz contends that such false evidence and arguments were a major part of the prosecution's case against him. Schultz also asserts that the Government knew or should have known that the tape had been destroyed as part of the ordinary course of business. It is argued that the late disclosure and admission by the Government that the videotape was destroyed by the Government constitutes newly discovered evidence. Finally, Schultz argues that the Government's actions sound of prosecutorial misconduct and denied Schultz his constitutional right to due process of law guaranteed by the Fifth Amendment.

The Government filed a response in opposition to this motion on January 20, 2006. A reply was filed on February 6, 2006.

I now turn to my analysis. Federal Rule of Criminal Procedure 33(a) provides that, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." As to newly discovered evidence, the Rule states:

> Any motion for a new trial based on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

FED. R. CRIM. P. 33(b)(1).

As to the merits of a motion for new trial, such a motion "is not regarded with favor and should only be granted with great caution." *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997). A motion for new trial based on newly discovered evidence may only be granted where a defendant "shows that: (1) the evidence was

discovered after trial; (2) the failure to discover the evidence was not caused by the defendant's lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence would probably result in an acquittal in a new trial." *United States v. Pearson*, 203 F.3d 1243, 1274 (10th Cir.), *cert. denied*, 530 U.S. 1268 (2000); *see also Sinclair*, 109 F.3d at 1531. If all five (5) requirements are met, the interest of justice standard for a new trial is satisfied. *United States v. Quintanilla*, 193 F.3d 1139, 1147 (10th Cir. 1999), *cert. denied*, 529 U.S. 1029 (2000).

In the case at hand, the Tenth Circuit appears to have already addressed and rejected the issue argued by Schultz in his motion. As stated in the Tenth Circuit's Judgment filed February 28, 2006, Defendant Schultz argued on appeal that "the prosecution, knowing that the April 5, 2006, videotape of Mr. Castillo's forced-cell move was destroyed in the ordinary course of business, misrepresented to the jury that the defendants destroyed the tape as part of their conspiracy to deprive Mr. Castillo of his constitutional rights." Judgment at 55.

The Tenth Circuit acknowledged that part of the Government's pre-trial theory of the case was that the Defendant conspirators destroyed the tape to cover up evidence of abuse. *Id.* at 56. However, it found that this theory was not pursued at trial except with respect to one statement in closing argument where Mr. Blumberg said that "the removal of the video *camera* was a fake." *Id.* The Tenth Circuit found:

> This statement in no way indicates that Mr. Schultz destroyed the tape inside the camera. Rather, it references Mr. Schultz's role in the conspiracy—his job was to knock over the video camera so that it would

>not record the ensuing abuse. Because Mr. Blumberg did not argue
>before the jury that the defendants destroyed this evidence to cover up
>their crime, Mr. Schultz's argument is simply without merit.

*Id.* Thus, it appears that the motion for new trial is moot, at least as to Schultz's reliance on Mr. Blumberg's arguments in closing argument as a basis for the motion.

To the extent that Schultz cites additional evidence in his motion before this Court, I find that the same result applies and the motion should be denied. Much of the evidence relied on by Schultz occurred in motions hearings before trial. Mot. for New Trial, Exs. 1 and 3. Schultz also produced a transcript of a colloquy between the Court and Mr. Blumberg at trial regarding the videotape. *Id.*, Ex. 6  The statements of the prosecution that Schultz complains of in these exhibits did not and could not have impacted the convictions of Shultz at trial since they were not presented to the jury.

Schultz has also attached testimony by correctional officer Flowers wherein he states that Officer Schultz was going to take out the camera so it would not view them entering the cell, and that he did take out or knock down the camera so that the officers could not be filmed. Mot. for New Trial, Ex. 4. This evidence, like the remark during closing argument addressed by the Tenth Circuit, is not relevant to Defendant's motion as it does not reference the April 5, 1996 videotape or the destruction thereof. It only references the camera itself which was allegedly knocked over as part of the conspiracy. Accordingly, it does not support Schultz's argument that the Government misrepresented at trial that the videotape had been destroyed.

The only evidence at trial which referenced the tape itself appears to have been the testimony of Kenneth Nelson and Laura Potter, evidence which the Government

produced in its response. Mr. Nelson testified that he recalled an incident in which a tape had become wedged in the camera that had been knocked over and that he removed the tape and gave it to Captain Terry Hines. Government's Resp. to Def. Rod Schultz's Mot. for New Trial ["Gov.'s Resp."], Attachment D. Laura Potter, a records custodian, testified that a video tape was not included in the incident file related to Castillo. *Id.*, Attachment C. However, she testified that she did not have personal knowledge as to this issue and agreed that she had "no idea where this tape may have gone between the draft and the final" version of the form. *Id.* at 3375. Neither of these witnesses' testimony supports Schultz's argument that the Government presented false evidence at trial regarding destruction of the tape. Indeed, these witnesses did not testify that any tape was destroyed, or raise any inference about what actually happened to the tape in question.

Laura Potter also testified that a draft of the incident report noted that the camera had been knocked over and that the staff response to whether the incident was videotaped was that "the camera was not readily available." *Id.* at 3366. She indicated that the final report did not make this reference to a videotape, as the box was not checked regarding the use of a videotape. *Id.* at 3370. Again, this testimony does not relate to the videotape or its destruction and thus does not support Schultz's motion.

Finally, I find that Schultz has not shown that the evidence presented by Ms. Grundy in her declaration that the tape had been destroyed by the prison in the ordinary course of business (Ex. 2 to Mot. for New Trial) would probably result in an acquittal at trial. Schultz's arguments are speculative and/or unsupported on this issue.

He states that the Government's case will be weaker with this evidence.  I find that this does not provide a basis for a new trial.  The Government did not present evidence about the destruction of the tape at trial, as discussed above, and the fact that the tape was destroyed in the ordinary course of business is not material to the evidence about the beating of Castillo and the alleged conspiracy regarding same.  I further note that during closing arguments counsel for another Defendant, Mike LaVallee, stressed that the Government failed to show any tape to the jury and implied that the tape would have exonerated Defendants.  Attachment E to Gov.'s Resp.  The jury nonetheless convicted Mr. LaValllee of the charge.  I fail to see how a  similar argument that the videotape was destroyed by the Government in the ordinary course or business would probably result in an acquittal.

Schultz also states in his reply that his motion is not only based on the averments contained therein but on many other factors.  He states, for example, that the case was complex, he had six co-defendants, and "it appears the guilty verdict of conspiracy was limited to the fact that Schultz and another correctional officer were both convicted of assaulting Castillo."  Def.'s Reply to Government's Resp. to Rod Schultz's Mot. for New Trial, at 12.  He also states that "the government threw a lot of mud at the wall" (*id.*)and speculates that "it appears the jury reached a compromise . . . ."  *Id.*  Schultz also asserts that in a new trial the evidence would be limited to the alleged assault of Castillo and that Castillo would testify, consistent with a statement in an interview with a private investigator, that Schultz did not strike him.  None of these grounds were presented as a basis for Schultz's motion, and I previously denied a

motion for new trial based on the statements of Castillo to the investigator. Further, these arguments are speculative and in no way demonstrate that a new trial would probably result in an acquittal.

Based on the foregoing, I find that Defendant Schultz has failed to meet his burden of proving that the newly discovered evidence is material or that it demonstrates prosecutorial misconduct. I further find that Schultz has not shown a reasonable probability that, had this evidence been disclosed to the defense prior to trial, the result of the proceeding would have been different. The motion for new trial is denied.

## II.   MOTION FOR NEW DISCOVERY

This motion was filed in response to the Government's Notice of Disclosure filed May 23, 2006. The Government gave notice through that pleading of facts which potentially bear upon the credibility of one of the government's witnesses at trial, Douglas V. Brennan. Specifically, the Government notified Defendants that Mr. Brennan was indicted by a federal grand jury in the District of Colorado on May 17, 2006, for falsifying expense accounts in relation to travel and lodging expenses he incurred in connection with the instant case. In response to the motion, Shultz sought discovery of Mr. Brennan's investigative file.

I deny Schultz's Motion for New Discovery. The Government asserts that Mr. Brennan was not an eyewitness to the incident and was only a minor witness at trial pertaining to a count of the indictment for which Defendants were acquitted. Thus, Mr. Brennan's trial testimony had no bearing on the counts for which any of the Defendants were convicted. The Government also asserts, and I agree, that the

indictment of Mr. Brennan and the impeachment information that may be uncovered as a result of the investigation and prosecution of his conduct would not appear to constitute grounds for post-conviction relief.

I reject Schultz's argument that because Mr. Brennan was granted essential witness status and allowed to assist the Government at trial, that somehow means that Schultz should be allowed to discover his investigative file. It is Mr. Brennan's testimony at trial that could have impacted the verdict, and Defendant does not dispute in the motion that Mr. Brennan testified only as to counts for which Defendants were acquitted. Accordingly, I see no grounds for discovery in that regard.

Schultz also argues that his request for discovery is based on "a history of visibly improper behavior by the prosecution team. . . . " Def.'s Resp. to Government's Notice of Disclosure and Mot. for Discovery, at 3. I find no basis to grant discovery on that ground. The Tenth Circuit has already rejected arguments about prosecutorial misconduct. To the extent Schultz raises any new grounds for misconduct not considered by the Tenth Circuit, I find that Schultz has not shown how such conduct would provide a basis for the discovery requested as to Mr. Brennan. Essentially, it appears that Schultz is attempting to obtain the requested discovery so that he can conduct a fishing expedition in the hopes of finding something that might be exculpatory. This is not proper. *See Anthony v. United States*, 667 F.2d 870, 880 (10th Cir. 1981), *cert. denied*, 457 U.S. 1133 (1982).

III.    CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant Rod Schultz's Motion for New Trial Based on Newly Discovered Evidence filed October 21, 2005, is **DENIED**.  It is

FURTHER ORDERED that Defendant Rod Schultz's Motion for Discovery filed June 8, 2006, is **DENIED**.

Dated:  August 24, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge