IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00803-WYD
Criminal Action No. 00-CR-00481-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROD SCHULTZ,

    Defendant.

---

**ORDER**

---

THIS MATTER is before the Court on Defendant's Motion for Leave to Interview Trial Jurors and to Stay the Proceedings until Such Interviews Can Be Completed. For the reasons stated below, this motion is denied.

First, Defendant has not cited any authority in support of his request that he should be allowed to contact the jurors on the basis requested, *i.e.*, in order to determine if there is a reasonable probability that Pedro Castillo's testimony, if presented to the jury at the trial, would alter the outcome of the trial. The Tenth Circuit has held that a trial court acts "well within its discretion" in declining to allow inquiry of jurors when there is no claim of external influence with the jury's deliberate process. *United States v. Wright*, 506 F.3d 1293, 1303 (10th Cir. 2007); *United States v. Miller*, 806 F.2d 223, 225 (10th Cir. 1986). Indeed, "juror testimony is inadmissible to impeach a verdict, except where the proffered testimony relates to 'whether *extraneous* prejudicial information' or any '*outside*' influence was improperly brought to bear upon

any juror.'" *Wright*, 806 F.2d at 225 n. 2. (quoting FED. R. EVID. 606(b) (emphasis added). Defendant has not made such a showing or even argued such a claim in this case.

Further, Defendant gives the Court no reasonable cause to believe that any juror would testify as Defendant speculates they might. Instead, the request essentially amounts to a fishing expedition in an attempt to support Defendant's § 2255 Motion. This is improper. *See Wright*, 506 F.3d at 1303 ("District courts have 'wide discretion' to restrict contact with jurors to protect jurors from 'fishing expeditions' by losing attorneys") (quotation omitted); *see also Taylor v. Mabry*, 593 F.2d 318, 320 (8th Cir. 1979).

As noted by the Supreme Court, "'[p]ublic policy requires a finality to litigation. And common fairness requires that absolute privacy be preserved for jurors to be able to engage in the full and free debate necessary to the attainment of just verdicts. Jurors will not be able to function effectively if their deliberations are to be scrutinized in post-trial litigation.'" *Tanner v. United States*, 483 U.S. 107, 124 (1987) (quotation omitted). In this case, as Defendant acknowledges in his motion, the jurors were told that they could not be contacted by a party or attorney without written approval of the judicial officer assigned to the case and that it was my decision not to grant such written authority. The jurors should be entitled to rely on this representation and assume that the case is final as to their deliberations.

Finally, asking the jurors to determine whether they may have decided differently if Mr. Castillo's testimony referenced in Defendant's § 2255 motion had been presented to them puts them in a difficult, if not impossible position. The trial occurred over five (5)

years ago and the jury's recollection of the evidence has most likely significantly eroded over time. Asking the jurors if they would have decided the case differently in 2003 if certain evidence had been presented to them asks the jurors to engage in improper speculation.

I also note that Defendant's motion sought a stay of the proceedings pending this motion. This request is denied as moot since the case has essentially been stayed since the filing of the motion as no activity has occurred in the case. However, Defendant did not reply to the Government's response brief. I am uncertain whether this is because of the stay sought by the Defendant or because Defendant chose not to file a reply. In the interest of fairness, Defendant may, if he wishes, submit a reply brief within twenty (20) days of the date of this Order.

Accordingly, it is

ORDERED that Defendant's Motion for Leave to Interview Trial Jurors and to Stay the Proceedings until Such Interviews Can Be Completed is **DENIED**. Defendant may, however, file a reply in support of his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 within **twenty (20) days** of this Order.

Dated: October 30, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge